IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| VINCENT AND SUSAN CLAIRE STASIO, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>SAXON MORTGAGE SERVICES INC., )<br>BRANDIVATION LLC, EVERBANK )<br>FINANCIAL CORP., EVERHOME )<br>MORTGAGE COMPANY, FIRST )<br>AMERICAN LOSS MITIGATION )<br>SERVICES INC., NATIONSTAR )<br>MORTGAGE LLC, CONSUMER )<br>SOLUTIONS AND ASSOCIATES LLC, )<br>AND JOHN DOES 1-100, )<br>)<br>Defendants. )<br>) | No. 2:12-cv-02797-DCN<br><br>**ORDER** |

This matter is before the court upon a Notice of Removal filed by defendant Saxon Mortgage Services Inc. (Saxon Mortgage) and Consents to Removal filed by defendants Nationstar Mortgage LLC (Nationstar Mortgage) and First American Loss Mitigation Services Inc. (First American). Plaintiff has argued that removal was improper. For the reasons that follow, the court remands the case to state court.

**I. BACKGROUND**

Plaintiffs Vincent and Susan Claire Stasio (the Stasios) filed this case in the Berkeley County Court of Common Pleas on June 22, 2012. ECF No. 1-1. Defendant Saxon Mortgage received service of the summons and complaint on August 27, 2012. ECF No. 1 ¶ 2. On September 26, 2012, Saxon Mortgage filed a Notice of Removal in this court on the basis of diversity jurisdiction, alleging that the court has original

1

jurisdiction under 28 U.S.C. § 1332(a) and that the action is removable under 28 U.S.C. § 1441.  ECF No. 1.  The Notice of Removal was signed only by counsel for Saxon Mortgage.  On October 3, 2012, Nationstar Mortgage, acting through separate counsel, filed a Consent to Removal from state court.  ECF No. 6.  On January 22, 2013, First American, also acting through separate counsel, filed a Consent to Removal and Answer.  None of the remaining named defendants—Brandivation LLC, Everbank Financial Corp., Everhome Mortgage Company, and Consumer Solutions and Associates LLC—has filed a Consent to Removal or Answer.

At the April 15, 2013 hearing on motions to dismiss filed by defendants Saxon Mortgage and Nationstar Mortgage, the court decided to hold the motions in abeyance to ensure that the case was properly removed to federal court.  Counsel for plaintiffs agreed to provide the court with affidavits of service of the summons and complaint on defendants.  The Stasios have since submitted letters sent by plaintiffs' counsel showing that the summons and complaint were mailed to defendants in either August or September 2012.  In addition, the Stasios have submitted U.S. Postal Service receipts showing that the summons and complaint were received by the registered agents for defendants.  Specifically, Saxon Mortgage received service on August 27, 2012; Everhome Mortgage Company received service on August 29, 2012; Nationstar Mortgage received service on August 29, 2012; Brandivation LLC received service on August 30, 2012; Consumer Solutions and Associates LLC received service on August 30, 2012; and Everbank Financial Corp. received service on September 17, 2012.[1]

---

[1] Plaintiffs have not submitted a letter sent to First American or shown receipt of service of the summons and complaint.  Nevertheless, First American must have received service of the summons and complaint on or before January 22, 2013, the date it submitted its Consent to Removal.  ECF No. 16.  Because First American consented to removal but other defendants have

## II.  DISCUSSION

A party seeking to adjudicate a matter in federal court through removal carries the burden of demonstrating that removal was proper.  See Strawn v. AT&T Mobility LLC, 530 F.3d 293, 296 (4th Cir. 2008).  Courts "should 'resolve all doubts about the propriety of removal in favor of retained state jurisdiction.'"  Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 299, 232 (4th Cir. 1993)).

28 U.S.C. § 1446 sets forth the procedure for removal of civil actions from state to federal court.[2]  It requires that a notice of removal be filed within thirty days after service of an initial pleading.  28 U.S.C. § 1446(b)(1).  "When a civil action is removed solely under section 1441(a), *all defendants* who have been properly joined and served must join in or consent to the removal of the action."  Id. § 1446(b)(2)(A) (emphasis added).  "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal," join in the removal, or consent to removal.  Id. § 1446(b)(2)(B); Propane Res. Supply & Mktg., LLC v. G.J. Creel & Sons, Inc., No. 12-2758-JTM, 2013 WL 192111, at *1 (D. Kan. Jan. 17, 2013).

"[R]emoval requires the consent of all defendants."  Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613, 620 (2002).  This longstanding requirement is known as the "rule of unanimity."  32A Am. Jur. 2d Fed. Courts § 1435 (2013) ("Under the rule of

---

not done so, service on First American is irrelevant to deciding whether removal was effective in this case.

[2] Section 1446 was amended in 2011 by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (Dec. 7, 2011).  The amendments took effect on January 6, 2012.  The amendments apply to actions commenced after the Act's effective date.  See Kunce v. State Farm Mut. Auto. Ins. Co., No. 13-cv-0080, 2013 WL 1501041, at *2 (W.D. La. Apr. 10, 2013).  Because this case was filed on June 22, 2012, the amendments apply.

unanimity, in order for a notice of removal to be properly before a district court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file written consent to the removal.").[3]

"Like all rules governing removal, th[e] unanimity requirement must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction." Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1046-47 (11th Cir. 2001). "If, following removal, a federal court determines there was a defect in the removal procedure or an absence of subject matter jurisdiction, it may remand the action to state court sua sponte or on motion of a party."[4] Hones v. Young, No. 2:12–CV–1951 JCM (PAL), 2013 WL 593401, at *2 (D. Nev. Feb. 13, 2013); see also Ballard v. Dist. of Columbia, 813 F. Supp. 2d 34, 39 (D.D.C. 2011) (stating that the failure to obtain unanimous consent of defendants "presents a procedural defect fatal to removal"); Esposito v. Home Depot, U.S.A., Inc., 436 F. Supp. 2d 343, 345 (D.R.I. 2006) (noting that failure of all parties to manifest their consent to removal constitutes a defect in removal procedure and is grounds for remand).

In this case, Saxon Mortgage filed a timely notice of removal on September 26, 2012. The question is whether "all defendants" timely consented to the removal under § 1446(b)(2)(A).

---

[3] The Federal Courts Jurisdiction and Venue Clarification Act of 2011 "codifies the court-created 'rule of unanimity.'" Tilley v. Tisdale, --- F. Supp. 2d ----, 2012 WL 6725911, at *2 (E.D. Tex. Dec. 27, 2012) (citing 28 U.S.C. § 1446(b)(2)(A)).

[4] The court recognizes that in Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192 (4th Cir. 2008), the Fourth Circuit held that a district court may not remand a case *sua sponte* based on a defect in removal procedure. Id. at 198-99. Accordingly, this court raised the issue of whether removal was defective to the parties at the hearing held on April 15, 2013. At the hearing, counsel for plaintiffs argued that removal was defective because several defendants had been served but had not consented to removal. The court construes counsel's comments as supporting a motion to remand.

Some courts have held that each defendant must independently file a Consent to Removal within thirty days of service of the summons or complaint. See Unicom Sys., Inc. v. Nat'l Louis Univ., 262 F. Supp. 2d 638, 642 n.5 (E.D. Va. 2003) ("[O]ne defendant may not speak for another in a removal petition."); Creekmore v. Food Lion, Inc., 797 F. Supp. 505, 509 (E.D. Va. 1992) (holding that § 1446 "requires all defendants, individually, or through their counsel, to voice their consent before the court, not through another party's attorney"). Others courts have held that removal is effective if a defendant unambiguously joins in another defendant's Notice of Removal *or* files a separate Consent to Removal.

To illustrate the latter position, in 2011, Judge J. Frederick Motz authored a decision analyzing the unanimity requirement. Mayo v. Bd. of Educ. of Prince George's Cty., 797 F. Supp. 2d 685 (D. Md. 2011). In that case, two named defendants filed a notice of removal, in which they stated that the third defendant had been consulted and agreed with the removal to federal court. Three days later, counsel for the third defendant entered an appearance in district court, and another three days later, the third defendant filed a motion to dismiss. Judge Motz held that the unanimity requirement was satisfied because the attorneys for the first two defendants represented to the court that the third defendant consented to removal. Id. at 687-88.

In a recent decision affirming Judge Motz, the Fourth Circuit, relying on the pre-amendment version of § 1446, held that § 1446 does not "require that in a case involving multiple defendants where all defendants must consent to removal that each of the defendants sign the notice of removal or file a separate notice of removal complying with § 1446(b)." Mayo v. Bd. of Educ. of Prince George's Cty., --- F.3d ----, 2013 WL

5

1459249, at *5 (4th Cir. April 11, 2013). Instead, the court held that removal is effective when "an attorney for one defendant represent[s] unambiguously that the other defendants consent to the removal." Id. at *6. In a footnote, the court stated that even if the case were decided under the current, post-amendment version of § 1446, the "analysis in this opinion would be unchanged." Id. at *4 n.1.

Mayo implies that under the current version of § 1446, when a defendant files a Notice of Removal that speaks *unambiguously* for the other defendants and voices their consent, the Notice satisfies the rule of unanimity found at § 1446(b)(2)(A). See Mayo, 2013 WL 1459249, at *4 n.1, *6. Here, the Notice of Removal states that "Defendants Saxon Mortgage Services, Inc. . . . gives notice that this action is removed from the Court of Common Pleas." ECF No. 1 at 6. Although they use the plural word "defendants," the attorneys that filed the Notice of Removal did so only as "Attorneys for Defendant Saxon Mortgage Services, Inc." Id. at 7. There is no indication, much less an "unambiguous" representation, in the Notice that these attorneys acted on behalf of or with consent of the remaining defendants. In fact, the evidence shows they did not, given that two other defendants subsequently filed individual Consents to Removal through separate counsel.

Because all defendants did not unambiguously (or even ambiguously) join in the Notice of Removal, under the rule of unanimity, the case is subject to remand unless all defendants filed a timely Consent to Removal within thirty days of receiving service of the summons or complaint. Defendants Brandivation LLC, Everbank Financial Corp., Everhome Mortgage Company, and Consumer Solutions and Associates LLC have not

6

filed a Consent, and the latest date any of these defendants could have timely done so was October 17, 2012.

Over half a year has passed since this case was removed to federal court, yet several defendants have neither joined in the Notice of Removal nor filed a Consent to Removal. Removal was defective and the case must be remanded. See, e.g., Creekmore, 797 F. Supp. at 508 (remanding action to state court based on failure of two of three defendants to effectively consent to removal).

### III.  CONCLUSION

For these reasons, the court **REMANDS** this case to state court.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**April 26, 2013
Charleston, South Carolina**